# EXHIBIT "A"

# EXHIBIT "A"

**Electronically Filed**
7/2/2020 10:48 AM
Steven D. Grierson
**CLERK OF THE COURT**

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettlesmorris.com
christian@nettlesmorris.com
victoria@nettlesmorris.com
*Attorneys for Plaintiffs*

CASE NO: A-20-817474-C
Department 15

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LORI JEAN YAHN, individually and as Co-Special Administrator of the Estate of TIMOTHY J. YAHN, deceased; KYLE JAMES YAHN, individually; ZACHARY LEE YAHN, individually; ALEXANDER SCOTT YAHN, individually; JANICE GONZALEZ, as Co-Special Administrator of the Estate of TIMOTHY J. YAHN, deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> KENTUCKY WESTERN CO., a foreign corporation; MARTIN DOUGLAS WILSON, an individual; DOES 1 through 10; ROE ENTITIES 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, <br><br> Defendants. | CASE NO.: <br> DEPT NO.: <br><br><br><br><br><br><br><br><br><br> **COMPLAINT** |

COMES NOW Plaintiffs, LORI JEAN YAHN, individually and as Co-Special Administrator of the Estate of TIMOTHY J. YAHN, deceased; KYLE JAMES YAHN, individually; ZACHARY LEE YAHN, individually; ALEXANDER SCOTT YAHN,

individually; and JANICE GONZALEZ, as Co-Special Administrator of the Estate of TIMOTHY J. YAHN, deceased, by and through their counsel, Brian D. Nettles, Esq., Christian M. Morris, Esq. and Victoria R. Allen, Esq., of the law firm NETTLES MORRIS, and for their causes of action against Defendants, and each of them, complain and allege as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Eighth Judicial District Court has jurisdiction over this civil tort action pursuant to NRCP 8(a)(4), NRS 13.040, and NRS 41.130 as the occurrence giving rise to this case took place in Nevada and the amount in controversy exceeds $15,000.00.

## GENERAL ALLEGATIONS

2. TIMOTHY J. YAHN (hereinafter "Decedent") was, at all relevant times, an individual residing in Pennsylvania and travelling through Nevada.

3. Plaintiff LORI JEAN YAHN is a duly-appointed Co-Special Administrator of the Estate of TIMOTHY J. YAHN, deceased, by Order filed on April 10, 2020 in the Eighth Judicial District Court of Nevada under case no. P-20-102109-E, and is the surviving spouse of Decedent and is a resident of Pennsylvania.

4. Plaintiff JANICE GONZALEZ is a duly-appointed Co-Special Administrator of the Estate of TIMOTHY J. YAHN, deceased, by Order filed on April 10, 2020 in the Eighth Judicial District Court of Nevada under case no. P-20-102109-E, and is a resident of Clark County, Nevada.

5. Plaintiff KYLE JAMES YAHN is a resident of Pennsylvania and a surviving child of Decedent.

6. Plaintiff ZACHARY LEE YAHN is a resident of Pennsylvania and a surviving child of Decedent.

7. Plaintiff ALEXANDER SCOTT YAHN is a resident of Pennsylvania and a surviving child of Decedent.

8. Upon information and belief, Defendant KENTUCKY WESTERN CO. (hereinafter "Defendant Kentucky Western"), is, and at all relevant times was, a Kentucky

**NETTLES | MORRIS**
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702.434.8282 / 702.434.1488 (fax)

corporation doing business as an interstate motor carrier transporting goods for compensation in and/or through the State of Nevada.

9. Upon information and belief, Defendant MARTIN DOUGLAS WILSON (hereinafter "Defendant Wilson"), is and at all relevant times was, an individual residing in the State of Kentucky.

10. Plaintiffs are informed, believe and thereon allege that all of the acts, omissions and conduct described below of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, officers, and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, approved, and consented to each and every of the said acts and conduct of the aforesaid corporate employees, agents and representatives.

11. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants designated herein as DOES 1 through 10; ROE CORPORATIONS 11 through 20, and ABC LIMITED LIABILITY COMPANIES 21 through 30, ("DOES/ROE CORPORATIONS/ABC LIMITED LIABILITY COMPANIES Defendants"), inclusive, are unknown to Plaintiffs at this time, who therefore sue said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this Complaint accordingly.

12. Plaintiffs are informed, believe and thereon allege that DOES/ROE CORPORATIONS/ABC LIMITED LIABILITY COMPANIES Defendants are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs as hereinafter alleged.

13. Plaintiffs are informed, believes and thereon alleges that DOES/ROE CORPORATIONS/ABC LIMITED LIABILITY COMPANIES Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiffs of which Plaintiffs are presently unaware.

14. Upon information and belief, Defendant Kentucky Western is, and at all relevant times was, the owner of an orange 2003 Kenworth DS semi-tractor with vehicle identification number 1XKWDB9X03J707015 and a white trailer with vehicle identification number 527SR535326CM000244 (collectively the "Subject Tractor-Trailer").

15. Upon information and belief, Defendant Kentucky Western staffs, controls, and is responsible for the acts and the omissions of the employees/agents/contractors that drive the Subject Tractor-Trailer while in its employ.

16. Upon information and belief, at all times relevant, Defendant Wilson was a professional truck driver and an employee of Defendant Kentucky Western acting within the course and scope of his employment.

17. At all times relevant, Decedent was the owner and operator of a 2010 Toyota Corolla with Pennsylvania license plate JTL1490 (hereinafter "Plaintiffs' Vehicle"). At all times relevant, Plaintiff Kyle James Yahn (hereinafter "Plaintiff Kyle" or collectively as "Plaintiffs") was a passenger of Plaintiffs' Vehicle.

18. On September 10, 2018, at or around 3:21 p.m., a. eastbound vehicle was driving a Sedan in the #1 travel lane of westbound Interstate 80.

19. At the same time, Defendant Wilson was driving the Subject Tractor-Trailer westbound in the #2 travel lane of westbound Interstate 80.

20. At the same time Decedent was driving Plaintiffs' Vehicle westbound in the #1 travel lane of westbound Interstate 80.

21. As the eastbound vehicle drove the wrong way on I-80, the front left of the Sedan forcibly struck the front left of the Plaintiffs' Vehicle.

22. Plaintiffs' Vehicle entered the right shoulder of westbound Interstate 80.

4

23. Defendant Wilson failed to maintain his lane or stop for the collision and entered the right shoulder of Interstate 80, forcibly striking Plaintiffs' Vehicle with the tractor and crushing Plaintiffs' Vehicle between the trailer and a guard rail (hereinafter the "Impact").

24. The Impact caused the death of Decedent and injuries to Plaintiff Kyle.

25. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Decedent suffered severe injuries to his body resulting in death.

26. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiffs Lori, Kyle, Zachary, and Alexander suffered grief, sorrow, loss of probable support, companionship, society, and comfort, and Decedent was caused to suffer physical injury, pain and suffering, and death, all in a sum in excess of excess of $15,000.00.

27. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Kyle suffered physical injuries and pain and suffering.

28. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Kyle incurred medical expenses and lost income.

29. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiffs have had to retain the services of Nettles Morris to pursue this action and are entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FIRST CAUSE OF ACTION

## (WRONGFUL DEATH – NRS 41.085)

30. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

31. Defendants, and each of them, owed a duty of care to Plaintiffs.

32. Defendants, and each of them, breached that duty of care owed to Plaintiffs.

33. Defendants, and each of them, acted with reckless disregard for the safety of Plaintiff and others on the roadway; and such conduct rises to the level of despicable.

34. Breach of their duties by Defendants, and each of them, was an actual and proximate cause of each of Plaintiffs' injuries.

5

35. As a direct and proximate result of the reckless and despicable actions or omissions of Defendants, and each of them, Decedent suffered injuries and death.

36. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Decedent incurred funeral expenses.

37. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiffs suffered grief, sorrow, loss of probable support, companionship, society, and comfort, and Decedent was caused to suffer physical injury, pain and suffering, and death, all in a sum in excess of excess of $15,000.00.

38. It is further alleged that Defendant Wilson was acting within the scope of his employment with Defendant Kentucky Western at the time of the Subject Incident.

39. Under the doctrine of *respondeat superior*, Defendant Kentucky Western is liable for acts of Defendant Wilson because Defendant Wilson was an employee/agent/contractor of Defendant Kentucky Western and was acting within the scope of his employment at the time of the Subject Incident.

40. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiffs have had to retain the services of the law offices of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

### SECOND CAUSE OF ACTION

**(Negligence/Negligence Per Se as to Defendant Wilson)**

41. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 as though fully set forth herein.

42. At the time of the motor vehicle collision alleged herein, Defendant Wilson owed a duty of care to Plaintiffs to use due care in operating the Subject Tractor-Trailer.

43. Defendant Wilson breached that duty of care owed to Plaintiffs.

44. Further, at all times relevant, Defendant Wilson had a duty to drive in accordance with Nevada law, which prohibited a driver from turning a vehicle from a direct course upon a

6

highway unless and until such movement can be made with reasonable safety and only after signaling, NRS 484B.413.

45. Defendant Wilson's failure to keep a safe lookout ahead and follow to closely was reckless, malicious and oppressive and showed disregard for the safety of others on the roadway.

46. Further, at all times relevant, as a professional truck driver, Defendant Wilson had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and the industry and corporate standards and guidelines emanating from these safety regulations, including, but not limited to, the Required Knowledge and Skills set forth in 49 CFR Sections 383.110, 383.111, and 383.113 and the mandates of 49 CFR Sections 390-395.

47. Plaintiff belongs to the class of persons that the aforementioned regulations and laws were intended to protect.

48. Defendant Wilson breached his duties under NRS 484B.413 by driving Subject Tractor-Trailer failing to maintain his lane of travel, thereby causing injuries to Plaintiffs.

49. Defendant Wilson breached his duties under the Federal Motor Carrier Safety Regulations by, without limitation:

    a. Failing to keep a lookout for vehicles and traffic ahead;

    b. Failing to perform a proper visual search;

    c. Failing to properly manage his space;

    d. Failing to yield the right of way to vehicles in front of him on the roadway;

    e. Failing to drive defensively;

    f. Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public, including Plaintiff, in grave danger;

    g. Failing to adhere to safe driving principles expected of professional drivers;

    h. Failing to operate Subject Tractor-Trailer in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

    i. Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time;

7

50. On information and belief, Plaintiffs' injuries were the type against which the aforementioned laws and regulations were intended to protect.

51. Under the doctrine of *negligence per se*, the violation of these laws and regulations constituted a breach of a duty owed to Plaintiffs by Defendant Wilson.

52. Breach of the aforementioned duties by Defendant Wilson was the actual and proximate cause of each of Plaintiffs' injuries.

53. Further, on information and belief, Defendant Wilson had an employer/employee relationship and was acting under the control and/or in the course and scope of his employment with Defendant Aggregate and/or Defendant LaFarge when Subject Collision 1 occurred. Accordingly, under the doctrine of *respondeat superior,* Defendant Aggregate and/or Defendant LaFarge are liable for the acts and omissions of Defendant Wilson.

54. As a direct and proximate result of the actions or omissions of Defendant Wilson, Plaintiffs suffered the damages as mentioned herein.

55. As a direct and proximate result of the actions or omissions of Defendant Wilson, Kyle has had to retain the services of the law offices of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## THIRD CAUSE OF ACTION

**(Negligent Hiring, Training and Supervision as to Defendant Kentucky Western)**

56. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 54 as though fully set forth herein.

57. Defendant Kentucky Western owed a non-delegable duty to Plaintiffs to exercise due care in the selection, training, oversight, direction, retention, and control of their employees/agents/contractors, including Defendant Wilson.

58. Defendant Kentucky Western breached its non-delegable duty to Plaintiffs by failing to properly hire, retain, train and supervise Defendant Wilson.

59. Defendant Kentucky Western's failure to properly hire, train and supervise their employee while allowing him to operate a commercial vehicle is reckless, despicable, oppressive and shows malice.

8

60. As a direct and proximate result of the actions or omissions of Defendant Kentucky Western, Plaintiffs suffered damages as mentioned herein.

61. As a direct and proximate result of the actions or omissions of Defendant Kentucky Western, Plaintiffs have had to retain the services of the law offices of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FOURTH CAUSE OF ACTION

### (Negligent Entrustment as to Defendant Kentucky Western)

62. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 59 as though fully set forth herein.

63. Defendant Kentucky Western entrusted the Subject Tractor-Trailer to Defendant Wilson.

64. At the times relevant, Defendant Wilson was unfit to drive the Subject Tractor-Trailer.

65. Defendant Kentucky Western knew or should have known that Defendant Wilson was an unfit driver.

66. Defendant Kentucky Western's negligent entrustment of a commercial vehicle is reckless, despicable, oppressive and shows malice.

67. Defendant Kentucky Western owed a duty of reasonable care to Plaintiffs to ensure the Subject Tractor-Trailer was not driven by an unfit driver or in an unsafe manner.

68. Defendant Kentucky Western breached this duty owed to Plaintiffs by entrusting the Subject Tractor-Trailer to Defendant Wilson.

69. As a direct and proximate result of the actions or omissions of Defendant Kentucky Western, Plaintiffs suffered damages as mentioned herein.

70. As a direct and proximate result of the actions or omissions of Defendant Kentucky Western, Plaintiffs have had to retain the services of the law offices of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

9

**NETTLES | MORRIS**
1389 Galleria Drive, Suite 200
Henderson, NV 89014
702.434.8282 / 702.434.1488 (fax)

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and each of them, as follows:

1. For a sum in excess of $15,000.00 for general, special, lost wages, and punitive damages;

2. For punitive damages;

3. For interest as permitted by law;

4. For reasonable attorney's fees and costs of suit incurred herein; and

5. For such other and further relief as the court deems just and proper.

DATED this 2nd day of July, 2020.

NETTLES | MORRIS

_[signature]_

BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
VICTORIA R. ALLEN, ESQ.
Nevada Bar No. 15005
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiffs*